IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARCUS ANTHONY BARNES, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:14-CR-0268-SCJ-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:19-CV-4482-SCJ-RGV |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Marcus Anthony Barnes' pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 253], the government's response, [Doc. 266], Barnes' motion for an extension of time to file his reply, [Doc. 270], and his reply, [Doc. 271]. Barnes' motion for an extension of time, [Doc. 270], is **GRANTED**, and his reply is deemed timely filed. For the reasons that follow, it is **RECOMMENDED** that Barnes' § 2255 motion be **DENIED**.

### I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a four-count indictment against Barnes charging him in Count One with possession with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)

and (b)(1)(B)(ii); in Count Two with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); in Count Three with possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and in Count Four with possession of firearms not registered to him, in violation of 26 U.S.C. § 5861(d). [Doc. 1]. Barnes pleaded not guilty, [Doc. 6], and proceeded to a five-day jury trial represented by his retained counsel, Andrew C. Hall, [Docs. 160-63; 166; 204-08]. The jury found Barnes guilty on all counts. [Doc. 168]. The Court imposed a total sentence of 360 months of imprisonment. [Doc. 228].

Barnes, represented by new court-appointed counsel Adam Marshall Hames, appealed, arguing that the Court violated his Sixth Amendment right to counsel of his choice by not providing him a meaningful opportunity to obtain new retained counsel. Br. of Appellant at 6-29 (June 25, 2018), United States v. Barnes, 740 F. App'x 980 (11th Cir. 2018) (per curiam) (No. 18-10702-E), 2018 WL 3140513, at *6-29. On October 30, 2018, the United States Court of Appeals for the Eleventh Circuit affirmed the judgment of the District Court. Barnes, 740 F. App'x at 981.

Barnes timely filed this § 2255 motion, arguing that Hames provided him ineffective assistance by not appealing the denial of his motion for judgment of acquittal at the end of the evidence and his motion to suppress evidence seized

2

during a traffic stop and that there was insufficient evidence to support his convictions. [Doc. 253 at 5-7; Doc. 253-1 at 5, 12-16; Doc. 253-2; Doc. 268]. The government responds that his first two grounds asserting ineffective assistance of appellate counsel lack merit and that his third ground challenging the sufficiency of the evidence is procedurally barred. [Doc. 266 at 6-13]. Barnes' reply reiterates arguments raised in the brief in support of his § 2255 motion. [Doc. 271].

## II.  DISCUSSION

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is

3

entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

A.  **Grounds One and Two: Assistance of Appellate Counsel**

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

"Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland." Dell v. United States, 710 F.3d 1267, 1273 (11th Cir. 2013) (citations omitted). Thus, to succeed on a claim of ineffective assistance of appellate counsel, a defendant must demonstrate

4

"that counsel's performance was so deficient that it fell below an objective standard of reasonableness . . . [and] that but for the deficient performance, the outcome of the appeal would have been different." Ferrell v. Hall, 640 F.3d 1199, 1236 (11th Cir. 2011) (citations omitted). As to the prejudice prong, a defendant must show a reasonable probability that, but for appellate counsel's deficient performance, the appellate court would have granted him a new trial. Id. "[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotation marks and citation omitted).

### 1. Motion for Acquittal

At the conclusion of the government's case, Barnes moved for a judgment of acquittal, arguing that the government had failed to prove that he knowingly possessed the cocaine and firearms found in an Impala and at a residence. [Doc. 206 at 100-01]. The Court denied the motion. [Id. at 102]. Barnes renewed his motion at the close of all the evidence, reiterating the argument that he did not knowingly possess the cocaine and firearms. [Doc. 207 at 62-63]. The Court again denied the motion. [Id. at 63].

A district court may grant a motion for a judgment of acquittal at the conclusion of the government's case if "the evidence is insufficient to sustain a

conviction." Fed. R. Crim. P. 29(a).  The court views "the evidence in the light most favorable to the government and draw[s] all reasonable factual inferences in favor of the verdict." United States v. Stahlman, 934 F.3d 1199, 1226 (11th Cir. 2019) (citation omitted).  The court will not overturn the verdict "if there is 'any reasonable construction of the evidence that would have allowed the jury to find the defendant guilty beyond a reasonable doubt.'" Id. (citation omitted).

The evidence presented at trial, viewed in the light most favorable to the government, showed that, on March 26, 2014, Officer Ronnie Viar stopped a white Impala driven by Barnes for speeding and found a kilo of cocaine, a firearm, and ammunition hidden in the vehicle. [Doc. 205 at 15, 17, 21-24].  Officer Viar also searched a residence at 5706 Mountain Crescent Court, where Barnes stayed overnight three to four times per week, and found silencers and firearms in the attic. [Id. at 29, 32-33, 36-38, 40-43, 217; Doc. 206 at 45].  The evidence further showed that Barnes drove the Impala regularly, [Doc. 206 at 55, 57-58], that he drove it in and out of garages at houses other than his residence, [id. at 24, 37], that packaging material found in the residence was consistent with material used in trafficking drugs such as the cocaine found in the car, [Doc. 205 at 116, 121, 242], and that he used driving techniques consistent with people who are trying to avoid surveillance, [id. at 81, 236-37; Doc. 206 at 18-19].  Additionally, in the attic of the residence

where firearms and silencers were found, officers found a safe Barnes had purchased with his credit card that contained vacuum sealed currency. [Doc. 203-18; Doc. 203-19 at 64; Doc. 205 at 120, 189, 191-95; Doc. 206 at 60-61]. A reasonable construction of this evidence allowed the jury to find that Barnes knowingly possessed both the firearms and the drugs.

Barnes challenges the credibility of the government's witnesses and points to evidence presented at trial that he contends conflicts with the government's evidence. [Doc. 253-2 at 2-14; Doc. 271 at 3-7]. However, the Court "must accept all reasonable inferences and credibility determinations made by the jury . . . and assume[s] the jury made all 'credibility choices . . . in the way that supports the verdict.'" United States v. Garcia-Benites, 720 F. App'x 818, 820 (11th Cir. 2017) (per curiam) (citations omitted). A reasonable fact-finder could determine, based on the government's evidence, that Barnes knowingly possessed the firearms and drugs. As such, appellate counsel's failure to raise this meritless issue did not amount to constitutionally deficient performance or result in prejudice, as Barnes cannot show that there is a reasonable probability that the outcome of his appeal would have been different had counsel appealed the denial of his motion for a judgment of acquittal. Barnes' "disagreement with the jury's verdict does not alone establish that counsel was ineffective because he failed to appeal the denial of the

motion for judgment of acquittal." United States v. Pritchett, Nos. 3:03cr114/RV, 3:06cv284/RV/MD, 2006 WL 3826980, at *8 (N.D. Fla. Dec. 27, 2006), report and recommendation adopted at, *1.  Accordingly, Barnes is not entitled to relief on ground one.

    **2.**    **Motion to Suppress Evidence**

Barnes moved to suppress evidence obtained from both the March 26, 2014, traffic stop and the search warrant issued for the residence. [Docs. 24-25]. Following a suppression hearing held on January 30, 2015, and February 6, 2015, [Docs. 64-65], the undersigned recommended that the motions be denied, [Doc. 87]. The District Judge adopted the Report and Recommendation over Barnes' objections. [Docs. 93, 122]. Specifically, the Court found that Officer Viar had probable cause to stop Barnes for speeding, that Barnes' voluntary consent to the search of the vehicle was lawfully obtained, that there was probable cause to search the residence, and that, in any event, a lack of probable cause would not render the evidence inadmissible because the officers acted in reasonable reliance upon a search warrant. [Doc. 122 at 8-25].

In both the brief in support of his § 2255 motion and his reply, Barnes challenges the Court's findings regarding the credibility of the witnesses who testified at the suppression hearing and reiterates arguments that he raised in his

objections. [Doc. 253-2 at 18-31; Doc. 271 at 7-11]. However, the District Judge previously rejected these arguments when denying the motion to suppress, see [Docs. 87, 122], and Barnes "has offered no additional factual or legal arguments that appellate counsel could have made which would have resulted in a reversal of the district court's ruling on the motions to suppress. Counsel is not constitutionally ineffective for failing to pursue non-meritorious issues, . . . and [Barnes] is not entitled to relief [on ground two]." Pritchett, 2006 WL 3826980, at *8 (citation omitted).

**B.      Procedural Default of Ground Three**

Barnes did not raise ground three challenging the sufficiency of the evidence on direct appeal. A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for the default and actual prejudice or (2) a showing of actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel. Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). A movant may also establish cause for the procedural default if he can

9

show "that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted). If a movant shows cause, he must also show prejudice, i.e., that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (citation omitted).

To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay, 657 F.3d at 1196 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin v. Perkins, 569 U.S. 383, 401 (2013) (citing Schlup, 513 U.S. at 316).

Barnes has not alleged that an objective factor external to the defense prevented him or counsel from challenging the sufficiency of the evidence on appeal, and, as discussed in section II.A.1., appellate counsel's failure to challenge the denial of Barnes' motion for a judgment of acquittal did not amount to

10

ineffective assistance. Additionally, Barnes has not presented "new" evidence showing that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, Barnes may not raise ground three in this § 2255 motion.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion of Barnes' grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV. CONCLUSION

For the reasons stated, Barnes' motion for an extension of time, [Doc. 270], is **GRANTED**, and **IT IS HEREBY RECOMMENDED** that Barnes' § 2255 motion, [Doc. 253], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 3rd day of April, 2020.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE