IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCUS ANTHONY BARNES,<br>　　Movant,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | :<br>:<br>:　　CRIMINAL ACTION NO.<br>:　　1:14-CR-0268-SCJ<br>:<br>:<br>: |

**ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant motion to vacate brought pursuant to 28 U.S.C. § 2255 be denied. [Doc. 272]. Movant has filed his objections in response to the R&R. [Doc. 276, as supplemented 277, 278].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

AO 72A
(Rev.8/82)

On March 8, 2016, a jury of this Court found Movant guilty of possession with intent to distribute at least 500 grams of cocaine, possession of a firearm in furtherance of a drug trafficking crime, possession of firearms by a convicted felon, and possession of firearms not registered to him. [Doc. 168]. This Court imposed a combined sentence of 360 months imprisonment. [Doc. 228]. On October 30, 2018, the United States Court of Appeals for the Eleventh Circuit affirmed Movant's convictions and sentences. United States v. Barnes, 740 F. App'x 980 (11th Cir. 2018). Movant next timely filed his § 2255 motion raising three claims for relief.

In the R&R, the Magistrate Judge recommends denying the § 2255 motion. The Magistrate Judge concluded that Movant's first ground for relief, in which he raised a claim that the appellate counsel was ineffective for failing to challenge the sufficiency of the evidence, was unavailing. The Magistrate Judge concluded that the evidence at Movant's trial was sufficient to sustain the verdict, and appellate counsel was thus not deficient for failing to raise the claim.

In his second claim, Movant contends that appellate counsel was ineffective for failing to raise a claim that the evidence seized from the car he was driving and from his girlfriend's home—drugs, equipment commonly used by drug dealers, guns, ammunition, and silencers—should have been suppressed by this Court. The Magistrate Judge concluded that Movant failed to establish that the underlying claim

AO 72A
(Rev.8/8
2)

is viable. Movant challenged this evidence before his trial, and this Court concluded that the evidence was admissible because the police had probable cause for Movant's traffic stop because he was speeding; Movant voluntarily consented to the search of the car; police had probable cause to search the home; and, in any event, the police had a valid search warrant for the home. The Magistrate Judge concluded that Movant had failed to raise an argument that appellate counsel could have raised on appeal that this Court had not already discounted. Accordingly, Movant failed to demonstrate that his appellate counsel was ineffective.

In his final claim, Movant challenges the sufficiency of he evidence. Movant failed to raise this claim on appeal, and the Magistrate Judge concluded that it is procedurally defaulted under § 2255 review. The Magistrate Judge further concluded that Movant failed to establish either cause and prejudice or actual innocence to overcome the default because Movant failed to allege an external factor prevented him from raising the claim, and, as discussed above, appellate counsel was not ineffective for failing to raise the claim. This Court also points out that, as is discussed below, a merits review of the claim demonstrates that the evidence was sufficient to sustain the jury's verdicts.

In his objections, Movant reargues his sufficiency of the evidence claim and his claim that the evidence seized from the car and the home should have been suppressed.

However, all of those arguments have already been considered and rejected by the Magistrate Judge and this Court.  See Chester v. Bank of Am., N.A., 1:11-CV-1562-MHS, 2012 WL 13009233 at *1 (N.D. Ga. Mar. 29, 2012) ("[G]eneral objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object.").

With respect to his claim that the evidence was insufficient at his trial, this Court further notes that Movant cannot establish an entitlement to relief on that claim by pointing to piecemeal inconsistencies and exculpatory evidence in the trial record. Rather, the sufficiency of the evidence is determined by looking at the entire record. The undersigned both sat through Movant's trial and, in reviewing this § 2255 motion, reviewed relevant portions of the trial transcript.  Based on that review, this Court now concludes—for the third time—that the Government's evidence was clearly sufficient for the jury to find that Movant possessed the cocaine and gun found in the car that he was driving and that Movant possessed the guns, ammunition and silencers found in his girlfriend's home.

With respect to his arguments that the evidence should have been suppressed, this Court carefully weighed that question prior to Movant's trial, and Movant has not raised any new evidence or argument that causes this Court to doubt its prior

4

conclusions. In summary, this Court concludes that Movant has failed to demonstrate that he is entitled to relief under § 2255.

Accordingly, the R&R, [Doc. 272], is hereby **ADOPTED** as the order of this Court, and the pending § 2255 motion, [Doc. 253], is **DENIED**. The Clerk is **DIRECTED** to close Civil Case Number 1:19-CV-4482-SCJ.

This Court further agrees with the Magistrate Judge that (1) "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), and no hearing is required, and (2) Movant has failed to make a substantial showing of the denial of a constitutional right, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 30th day of April, 2020.

                                                s/Steve C. Jones
                                                STEVE C. JONES
                                                UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)